# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MICHAEL LUMPKIN,
      Prisoner,

v.                                  Case No. 8:25-cv-1788–KKM–AAS
                                                Case No. 8:21-cr-216-KKM-AAS

UNITED STATES OF AMERICA,
      Respondent.

_____

## ORDER

Prisoner Michael Lumpkin initiated this action by filing a pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Civ. Doc. 1.) He challenges his convictions for child pornography for which he serves 624 months. His convictions and sentence were affirmed on appeal.

Lumpkin claims counsel rendered constitutionally ineffective assistance by coercing him to plead guilty (Grounds One and Two), by promising him a shorter sentence (Ground Three), and by not investigating a witness (Ground Four). He seeks a reduced sentence.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" *See also Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (stating that summary dismissal of a habeas petition is

appropriate "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief").

" '[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a . . . prisoner's habeas petition.' " *Otero-Pomares v. United States*, No. 23-10079, 2024 WL 3103488, at *3 (11th Cir. June 24, 2024) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)). " 'Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.' " *Id.* (quoting *Day*, 547 U.S. at 210); *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("We hold that the District Court did not err by sua sponte dismissing Mr. Paez's § 2254 petition after giving him notice of its decision and an opportunity to be heard in opposition."); *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (recognizing that the legal principles applicable to § 2254 proceedings generally apply to § 2255 proceedings).

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence.  28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." Lumpkin's judgment of conviction became final "when the time expire[d] for filing a petition for a writ of certiorari contesting the appellate court's affirmation of the conviction." *See Close v. United States*, 336 F.3d 1283, 1284–85 (11th Cir. 2003).

On January 18, 2024, after an independent review of the record, the circuit court determined there were no arguable issues of merit and affirmed Lumpkin's convictions and sentence. (Crim. Doc. 105.) Lumpkin did not petition the U.S. Supreme Court for certiorari review. As a result, his convictions and sentence became final 90 days later, on April 17, 2024. Under § 2255(f)(1), Lumpkin had one year from that date, or until April 17, 2025, to file his § 2255 motion. He did not file his current § 2255 motion until June 19, 2025, the date on which he signed it while incarcerated.

When asked to explain why the one-year statute of limitations does not bar his motion, Lumpkin writes (Civ. Doc. 1 at 11):

> If this applies to me I was placed within a special housing unit within my FCI. I did not receive any mail telling me to redo my 2255 until I was released in June after losing all my property including my notebook, legal work on research for this motion. I do apologize for not being able to respond to the courts.

Lumpkin seems to refer to his initial § 2255 motion. *See Lumpkin v. United States*, 8:25-cv-884-KKM-AAS; Crim. Doc. 108. The Court struck that motion because it lacked his dated signature and directed Lumpkin to file an amended motion on the standard form. When Lumpkin failed to timely comply, the Court dismissed the action without prejudice for lack of prosecution and for failure to comply with the Court's order. (Crim. Doc.

109.) Next, Lumpkin initiated this new action by filing a second § 2255 motion. [1]

Although Lumpkin's initial § 2255 motion lacked his dated signature, it appears to have been timely filed because it was received by the Court on April 7, 2025, before the expiration of the limitations period. *See Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)) (when determining whether a § 2255 motion is timely, "[w]e apply the prison mailbox rule, under which 'a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing' "). In his initial § 2255 motion, Lumpkin raised three grounds for relief that are different than the four grounds for relief he raises in this action.

Lumpkin may be entitled to the benefit of the relation back doctrine if he can show that the untimely claims he asserts in this action relate back to the timely claims he asserted in his initial § 2255 motion. " 'Relation back' causes an otherwise untimely claim to be considered by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217

---

[1] Section 2255(f)'s gatekeeping provision does not apply to Lumpkin's numerically second § 2255 motion because "second or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (citing *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits . . . is not a second or successive petition."). Lumpkin's initial § 2255 motion was not adjudicated on its merits, but rather, was stricken and dismissed without prejudice for lack of a dated signature.

F.3d 1341, 1344 (11th Cir. 2000); *see also Chin v. United States*, 853 F. App'x 640, 644 (11th Cir. 2021) ("When a prisoner amends his section 2255 motion after the expiration of AEDPA's one-year limitation period, claims in the amended motion are time-barred, unless the claim 'relates back' to a claim in the original, timely-filed motion."). "Under Rule 15(c), an amended pleading 'relates back' to the original pleading if the amended claim 'arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.' " *Chin*, 853 F. App'x at 644 (quoting Fed. R. Civ. P. 15(c)(1)(B)).

The timeliness of each claim that Lumpkin intends to pursue in this action must be addressed before he may proceed. Accordingly, Lumpkin must explain why each claim he asserts in this § 2255 action is timely under § 2255(f). No later than **August 15, 2025,** Lumpkin must show (1) that each claim in his § 2255 motion is timely, (2) that he is entitled under another provision in § 2255(f) to a renewed start of the limitation period, (3) that he is entitled to equitable tolling, or (4) that he is actually innocent. No later than **September 12, 2025**, the United States must file a response that addresses the timeliness of each claim asserted in this § 2255 action.

**ORDERED** in Tampa, Florida, on July 16, 2025.

Kathryn Kimball Mizelle
United States District Judge