**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL LUMPKIN,
　　　Petitioner,

v.

UNITED STATES OF AMERICA,
　　　Respondent.

_____

Case No. 8:25-cv-1788-KKM-AAS

Crim. Case No. 8:21-cr-216-KKM-AAS

## <u>ORDER</u>

Lumpkin, a federal prisoner, filed a pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Civ. Doc. 1.) Upon consideration of the motion, (*Id.*), and the Government's response and motion to dismiss Lumpkin's motion as untimely, (Civ. Doc. 3), the Government's motion to dismiss is granted as unopposed. Lumpkin's § 2255 motion is dismissed as untimely. Because reasonable jurists would not disagree, Lumpkin is not entitled to a certificate of appealability.

Lumpkin pleaded guilty to two counts of production of child pornography and was sentenced to 624 months in prison. (Crim. Doc. 91.) The Eleventh Circuit affirmed Lumpkin's convictions and sentences on January 18, 2024. (Crim. Doc. 105.) Because Lumpkin did not petition the Supreme Court of the United States for certiorari review, his convictions and sentences became final

1

90 days later, on April 17, 2024. Sup. Ct. R. 13-3. Lumpkin therefore had one year, until April 17, 2025, to file his § 2255 motion. 28 U.S.C. § 2255(f)(1).

Lumpkin filed a § 2255 motion in *Lumpkin v. United States*, Case No. 8:25-cv-884-KKM-AAS. The Court struck the motion because it lacked Lumpkin's dated signature and directed him to file an amended motion on the standard form. When Lumpkin did not comply, the Court dismissed the action without prejudice for lack of prosecution and for failure to comply with the Court's order. (Crim. Doc. 109.)

Lumpkin filed the instant § 2255 motion under a new case number. But the § 2255 motion appears untimely because it was filed after the April 17, 2025 deadline. Accordingly, the Court directed Lumpkin to respond and show why each claim in the instant motion is timely and directed the Government to respond concerning the timeliness of Lumpkin's claims. (Civ. Doc. 2.)

Lumpkin did not respond to the Court's order. The Government responded and moves to dismiss Lumpkin's § 2255 motion as untimely. (Civ. Doc. 3.) The Government contends that Lumpkin's motion is untimely under § 2255(f), that it does not relate back to the motion he filed in Case No. 8:25-cv-884, that he is not entitled to equitable tolling, and that he is not entitled to review of his untimely motion based on a showing of actual innocence. (*Id.*)

The Court directed Lumpkin to respond to the Government's allegations. (Civ. Doc. 4.) The order warned Lumpkin that the failure to comply may result

2

in the Government's motion to dismiss being treated as unopposed. (*Id.*) A copy of the order was mailed to Lumpkin's address on file and was not returned as undeliverable. Lumpkin has not responded. In the light of his failure to respond despite the Court's warning, the Government's motion to dismiss as untimely Lumpkin's § 2255 motion is granted as unopposed. *See* Local Rule 3.01(d) (M.D. Fla.) (stating that if a party does not timely respond to a motion, the motion "is subject to treatment as unopposed").

Even considering it on the merits, Lumpkin's new motion is untimely because the claims do not "relate back" to his first, timely § 2255 motion. Lumpkin's new motion alleges ineffective assistance of trial counsel, but Lumpkin does not assert, as he did in his first motion, that he felt pressured to sign the plea agreement due to the threat of receiving more prison time if he went to trial. His new claims therefore do not "arise from the same underlying facts as the original claims," as they must to be considered timely under the relation back doctrine. *Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001).

Accordingly, the Court **ORDERS**:

1. The Government's motion to dismiss as untimely Lumpkin's Motion to Vacate, Set Aside or Correct Sentence, (Civ. Doc. 3), is **GRANTED**.

2. Lumpkin is not entitled to a certificate of appealability because he has not shown that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Lumpkin is not entitled to appeal in forma pauperis.

3. Lumpkin's § 2255 Motion to Vacate, Set Aside or Correct Sentence, (Civ. Doc. 1), is **DISMISSED with prejudice** as untimely.

4. The **CLERK** is directed to enter judgment against Lumpkin and in the Government's favor, to terminate any pending motions and deadlines, to file a copy of this order in the criminal case, and to **CLOSE** the civil case.

**ORDERED** in Tampa, Florida, on June 16, 2026.

Kathryn Kimball Mizelle
United States District Judge

4

5